**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM E. FELTER, III,

                              Plaintiff,

           - v -                                           Civ. No. 1:11-CV-665
                                                                       (RFT)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER M. MARGOLIUS<br>Attorney for Plaintiff<br>7 Howard Street<br>Catskill, New York 12414 | PETER M. MARGOLIUS, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>Attorney for Defendant<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza – Room 3904<br>New York, New York 10278 | JOANNE JACKSON, ESQ. |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM DECISION and ORDER

In this action, Plaintiff William E. Felter, III, moves, pursuant to 42 U.S.C. § 405(g), for review of a decision by the Commissioner of Social Security denying his application for Period of Disability (POD) and Disability Insurance Benefits (DIB).[1] Based upon the following discussion, the Commissioner's decision denying Social Security benefits is **upheld**.

### I. BACKGROUND

William Felter, III, born on November 7, 1972, filed for DIB and POD on June 26, 2008. Dkt.

---

[1] This case has proceeded in accordance with General Order 18, which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed Briefs, though oral argument was not heard. Dkt. Nos. 11, Pl.'s Br., & 15, Def.'s Br. The parties, with the approval of the Honorable Gary L. Sharpe, Chief United States District Judge, consented to the undersigned presiding over this matter pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. No. 10.

No. 8, Admin. Transcript [hereinafter "Tr."] at pp. 96-99. That same date, he protectively filed for Supplemental Security Income (SSI) benefits . *Id*. at pp. 93-95. In both applications, Felter alleged that he became disabled and unable to work on December 31, 2002. *Id*. at pp. 93-99. Felter had filed a prior disability application, which was denied in October 1998.[2] *Id*. at p. 19 & 100. Felter completed his education through the eighth grade and has no relevant past work experience that would rise to a level of significant gainful activity. *Id*. at pp. 24, 31, & 126.

On November 7, 2008, Felter's applications were initially denied. *Id*. at pp. 56 & 57. A Hearing was held on March 26, 2010 (Tr. at pp. 26-52), before Administrative Law Judge (ALJ) Terrence Farrell who, on April 27, 2010, issued a partially favorable decision finding, for purposes of DIB and POD, that Felter was not disabled prior to June 30, 1992, the date he was last insured, but, for purposes of SSI, he was disabled as of June 26, 2008, the date he protectively filed for SSI (Tr. at pp. 15-25).[3] On April 14, 2011, after receiving further evidence from Felter, the Appeals Council denied Felter's request to review the ALJ's decision, thus rendering the ALJ's decision the final determination of the Commissioner. *Id*. at pp. 1-4. Exhausting all of his options for review through the Social Security Administration's tribunals, Plaintiff now brings this appeal.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), the proper standard of review for this Court is not to employ a *de novo* review, but rather to discern whether substantial evidence supports the Commissioner's findings

---

[2] Because the current application was not filed within four years of the denial of the prior application, the Administrative Law Judge (ALJ) denied Plaintiff's request to reopen the prior disability application. Tr. at p. 19.

[3] SSI benefits cannot be paid any earlier than the month after the month in which the application is filed. 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.501.

and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Succinctly defined, substantial evidence is "more than a mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); 42 U.S.C. § 405(g). Where the weight of the evidence, however, does not meet the requirement for substantial evidence or a reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson v. Bowen*, 817 F.2d at 986.

### B. Determination of Disability

To be considered disabled within the meaning of the Social Security Act, a plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant's physical or mental impairments must be of such severity as to prevent engagement in any kind of substantial gainful work which exists in the national economy. *Id*. at § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner follows a five-step analysis set forth in the Social Security Administration Regulations:

1. At Step One, the Commissioner considers the claimant's work activity; if the claimant is engaged in substantial gainful activity, he or she will be found not disabled;

2. At Step Two, the Commissioner considers the "medical severity" of the claimant's impairment(s); if the claimant does not suffer from a severe impairment, he or she will be found not disabled;

3. At Step Three, the Commissioner considers whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1, in Part 404, Subpart P of the Regulations, which, if met, would render the claimant disabled;

4. At Step Four, the Commissioner considers whether the claimant has the residual functional capacity (RFC)[4] to perform his or her past relevant work, and if so, he or she will be found not disabled; and

5. At Step Five, the Commissioner considers the claimant's RFC, age, education, and past work experience to determine whether he or she can perform other work that exists in the national economy; if so, they he or she will be found not disabled.

20 C.F.R. § 404.1520(a)(4).

Initially, the burden of proof lies with the claimant to show that his or her impairment(s) prevents a return to previous employment (Steps One through Four). *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). If the claimant meets that burden, the burden then shifts to the Commissioner at Step Five to establish, with specific reference to medical evidence, that the claimant's physical and/or mental impairment(s) are not of such severity as to prevent him or her from performing work that is available within the national economy. *Id.*; 42 U.S.C. § 423(d)(2)(A); *see also White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990)

---

[4] "Residual functional capacity" is defined by the Regulations as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

### C. ALJ Farrell's Findings

Felter was the only witness to testify at the Hearing. Tr. at pp. 26-52. In addition to such testimony, the ALJ had Felter's medical records consisting of treatment reports and opinions from various treating and/or examining physicians. *Id.* at pp. 181-442.

Initially, ALJ Farrell determined that, for purposes of DIB and POD, Felter was insured for disability benefits through June 30, 1992. Thus, in order to be eligible for DIB and POD, Felter must establish disability on or before that insurance expiration date. *Id*. at p. 19. However, for purposes of SSI, which are not payable prior to the application date, Felter must establish disability on June 26, 2008. *Id*. at p. 20.

With regard to the DIB and POD application, ALJ Farrell determined, 1) at Step One, Felter had not been engaged in any substantial gainful activity; but 2) at Step Two, Felter did not have, prior to the expiration of his insured status, a medically determinable impairment that "significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months," and therefore was not eligible for DIB and POD benefits. *Id*. at pp. 21-22. For purposes of SSI, ALJ Farrell continued the sequential disability analysis and found Plaintiff disabled as of June 26, 2008, and therefore eligible for SSI. *Id*. at pp. 23-25

### D. Plaintiff's Contention

The sole issue for our review is Plaintiff's contention that the Appeals Council erred when it refused to remand the claim for DIB and POD back to the ALJ for further consideration of a medical statement rendered by Louis A. DiGiovanni, M.D., on September 28, 2010, after the ALJ's partially favorable decision was issued. Plaintiff asserts that this medical statement reinforces the notion that, contrary to the ALJ's findings, he was disabled prior to the expiration of his insured status for purposes

of obtaining DIB and POD.

Upon reviewing Plaintiff's objections and new evidence, the Appeals Council stated it "found no reason under [it's rules] to review the [ALJ]'s decision" and the information submitted by the Plaintiff "does not provide a basis for changing the [ALJ]'s decision," thus rendering the ALJ's decision the "final decision of the Commissioner of Social Security." *Id.* at pp. 1 & 2.

The Regulations provide that when "new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470. Furthermore, 42 U.S.C. § 405(g) provides in pertinent part that "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . ." (emphasis added); *see also Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1998). In accordance with this provision, the Second Circuit requires a claimant to show that the proffered evidence is "(1) new and not merely cumulative of what is already in the record . . . (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative . . . [and] (3) good cause [exists] for [claimant's] failure to present the evidence earlier." *Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d at 43 (internal quotation marks and citations omitted).

In reviewing the additional evidence submitted to Appeals Council, we find that it does not meet the test of materiality or relevance. The medical record reviewed by the ALJ establishes that in November 1989, Plaintiff had an accident with a chainsaw resulting in a significant laceration through

his left posterior distal calf resulting in surgery to repair his Achilles tendon. Tr. at pp. 181-82. Thereafter, in 1998, Plaintiff was in a go-cart accident injuring his back. *Id*. at pp. 29, 39, 229, 276, 429. Plaintiff testifies that his back problems started when he got into that accident. *Id*. at 39. In his applications for disability, Plaintiff noted that he was not disabled prior to December 31, 2002 and prior to attaining age twenty-two. *Id*. at p. 93. Yet, he now claims that he was disabled in 1992 when he was twenty-years-old. And, he asserts that Dr. DiGiovanni's September 28, 2010 office note is relevant because "it discusses [Felter]'s injuries and limitations prior to his date last insured of 6/30/92. Therefore, it relates to the period on or before the date of the [ALJ] decision." Pl.'s Br. at p. 3. We disagree. Dr. DiGiovanni wrote the following assessment on September 28, 2010:

> [P]atient has undergone an Achilles tendon surgical repair done by Dr. Allen Cari on [or] about November of 1989. [It would] be expected that he would be out of work for a period of 4-6 months thereafter as a usual course of events. Most notably as the patient was a laborer using the affected leg to kick a shovel into the ground it could be presumed that he may have to be out of work longer. The patient claims that because of this he was unable to return to work for approximately 2 years from the time of the injury. Thereafter he injured his back [and] his [sic] remain [sic] out of work on disability because of his back.

Tr. at p. 441.

Ironically, in this 2010 treatment note, Dr. DiGiovanni states that Felter "is disabled from back pain after a go-cart accident." *Id*. at p. 440. Because Plaintiff's go-cart accident occurred in 1998, it is difficult to understand how this statement illuminates Plaintiff's alleged disability in 1992. Regardless, this retrospective account of the Plaintiff's work capabilities in 1989 belies common sense. First, there is no indication that Dr. DiGiovanni treated Plaintiff at any time prior to 2007, at which time his primary complaints were problems with his back. In fact, much of Dr. DiGiovanni's assessment for the relevant period is based upon Plaintiff's recounting, and not upon Dr. DiGiovanni's personal knowledge or personal review of medical records. Thus, there is little value in this twenty-one-year

retrospective assessment for a patient he did not treat for eighteen of those years. Second, Dr. DiGiovanni provides no real assessment of how Plaintiff's impairment affected his ability to do basic work-related activities prior to the expiration of his insured status. He merely recounts what Plaintiff had told him. Not only is Dr. DiGiovanni's statement not relevant, but it is not material either. We have considered Plaintiff's argument in support of remand and find it to be unavailing and, thus, the Commissioner's decision denying DIB and POD benefits is upheld.

**WHEREFORE**, it is hereby

**ORDERED**, that the Commissioner's decision denying disability benefits be **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Date:  September 26, 2012
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge